UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENT B. ROSINSKI, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GENERAL VASCULAR SPECIALISTS, § <br> § <br> Defendant. § | § <br> § <br> § <br> § <br> Civil Action No. 3:21-cv-00570 <br> § <br> § With Jury Demand Endorsed <br> § <br> § |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Brent B. Rosinski ("Plaintiff"), by and through counsel, for his Complaint against Defendant General Vascular Specialists ("GVS" or "Defendant"), states as follows:

**I. INTRODUCTION**

1. Defendant engaged in willful, malicious, deceptive and harassing actions against Plaintiff in furtherance of its illegal efforts to collect on an unsecured debt from him during his bankruptcy and after the debt had been discharged. Defendant's actions at issue include sending Plaintiff periodic statements and correspondences demanding payment of the discharged debt.

2. Specifically, Plaintiff claims Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy; and 3) the automatic stay and discharge injunction of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

**II. PARTIES**

3. Plaintiff is a natural person residing in Dallas County, Texas and a "consumer" as defined by the TDCA, Tex. Fin. Code § 392.001(1).

4. Defendant is a medical group practice that may be served by delivering citation to its Registered Agent, Alan C. Sklar, at Sklar Williams, PLLC, 410 S. Rampart Blvd., Ste. 350, Las Vegas, NV 89145-5730.

5. Defendant is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3)(6) and (7).

6. The debt Defendant was attempting to collect from Plaintiff was a "consumer debt," as defined by Tex. Fin. Code § 392.001(2).

### III. Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367.

8. Venue is proper this district because Plaintiff filed his bankruptcy case in this district and the conduct complained of occurred in this district.

### IV. Factual Allegations

**A.  The Subject Debt was Included in Plaintiff's Bankruptcy Case.**

9. On August 14, 2020, Plaintiff filed for bankruptcy protection under Chapter 7 of the U.S. Bankruptcy Code in case number 20-32160-mvl7 ("Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court").

10. In his Bankruptcy Case, Plaintiff filed schedules listing his pre-petition debt, which included, in part, his unsecured debt in **"Schedule E/F: Creditors Who Have Unsecured Claims"** ("Schedule E/F"), where he listed as one of his unsecured claims, a claim on debt for goods and/or services for the subject account ending in 5322 (the "Account"), and he identified Defendant as the creditor for the Account.

11. A true and correct copy of relevant excerpts from Plaintiff's Schedule E/F listing the Account is attached hereto as Exhibit "A."

12. On or about August 19, 2020, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case " ("341 Notice") to GVS by first class mail.  The 341 Notice, Official Form 309A, warned all creditors in conspicuous language against violating the automatic stay imposed by 11 U.S.C. § 362.

13. The 341 Notice sent to GVS was not returned, creating a presumption it was received.

14. A true and correct redacted copy of the 341 Notice is attached hereto as Exhibit "B."

**B.  During Plaintiff's Bankruptcy Case, Defendant Sent Plaintiff Statements on the Account Demanding Payment or Actions from Plaintiff to Coerce Payment.**

15. While Plaintiff's Bankruptcy Case was pending and active, Defendant was subject of the automatic stay as advised in the 341 Notice, which warned all creditors:  "The filing of the case imposed an automatic stay against most collection activities.  This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. … Creditors cannot demand repayment from debtors by mail, phone, or otherwise.  Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees."

16. Nevertheless, Defendant engaged in prohibited coercive, deceptive, and harassing actions against Plaintiff in furtherance of Defendant's illegal debt collection activity, including sending Plaintiff monthly billing statements demanding payment, misrepresenting information to coerce or deceive Plaintiff into paying Defendant the debt on the Account or to coerce Plaintiff to take actions to benefit Defendant financially related to the Account.

**C.  The Subject Debt Was Discharged as to Plaintiff's Personal Liability.**

17. On November 18, 2020, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order").  The Discharge Order followed Official Form 318, including the

explanatory language contained therein.  The Discharge Order discharged Plaintiff from any liability for the debt created by the Account.  Included with the Discharge Order was detailed information about the discharge stating, "**Creditors cannot collect discharged debts.**  This order means that no one may make any attempt to collect a discharged debt from the debtors personally," and specifies, "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally.  Creditors who violate this order can be required to pay debtors damages and attorney's fees."

18.	A true and correct redacted copy of the Discharge Order is attached hereto as Exhibit "C."

19.	On or about November 22, 2020, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to GVS by first class mail, which was not returned.  This mailing constituted notice of the discharge granted in Plaintiff's Bankruptcy Case to GVS and the replacement of the automatic stay with the discharge injunction imposed by 11 U.S.C. § 524(a).

20.	As a result of the discharge, the Account had a zero-balance due and owing and no past-due amount.  Also, the debtor-creditor relationship ended between Plaintiff and GVS, as there was no longer any legally repayable debt on the Account.

21.	At no time during the pendency of Plaintiff's Bankruptcy Case did Defendant or any other person or entity object to or dispute the details or completeness of the Account listed on Schedule "F" to Plaintiff's Petition filed in his Bankruptcy Case.

22.	At no time did Plaintiff reaffirm the debt on the Account with any person or entity during the pendency of his Bankruptcy Case.

23.	At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**D.     After the Discharge of the Debt, Defendant Continued to Attempt to Collect on the Discharged Debt from Plaintiff Personally and Made Harassing and Offensive Contacts with Him.**

24.     When the Bankruptcy Court granted Plaintiff a discharge, the Account legally became uncollectible such that there was no longer any payment owing. Nevertheless, Defendant engaged in prohibited, coercive, deceptive, and harassing actions against Plaintiff in furtherance of its illegal debt collection activity by continuing to send Plaintiff monthly statements to coerce him to take steps to pay on the Account or take actions that would benefit Defendant financially related to the discharged Account.

25.     For instance, on or about December 30, 2020, GVS sent Plaintiff a statement on the Account, along with a self-addressed, payment coupon stating, in part, "PAY THIS AMOUNT $232.23," and instructing Plaintiff to "MAKE CHECKS PAYABLE TO/REMIT TO: GENERAL VASCULAR SPECIALISTS." The statement further states, "If paying by credit card fill out below."

26.     A true and correct redacted copy of the December 30, 2020 statement Defendant sent to Plaintiff is attached hereto as Exhibit "D."

27.     On or about January 27, 2021, GVS sent Plaintiff a statement on the Account, along with a self-addressed, payment coupon stating, in part, "PAY THIS AMOUNT $232.23," and instructing Plaintiff to "MAKE CHECKS PAYABLE TO/REMIT TO: GENERAL VASCULAR SPECIALISTS." The statement further states, "If paying by credit card fill out below."

28.     A true and correct redacted copy of the January 27, 2021 statement Defendant sent to Plaintiff is attached hereto as Exhibit "E."

29.     On February 8, 2021 at approximately 3:26 p.m., Plaintiff called the Defendant's office and was transferred to the person he was told was handling patient collections. He reminded them of the Bankruptcy, the discharge, and asked them to stop sending statements each month.

Defendant's agent advised Plaintiff that she would note his bankruptcy filing to the Account and pass the information along to her supervisor.

30. On or about February 24, 2021, despite Plaintiff's requests that statements not be sent to him, GVS sent Plaintiff another statement on the Account, along with a self-addressed, payment coupon stating, in part, "PAY THIS AMOUNT $232.23," and instructing Plaintiff to "MAKE CHECKS PAYABLE TO/REMIT TO: GENERAL VASCULAR SPECIALISTS." The statement further states, "If paying by credit card fill out below."

31. A true and correct redacted copy of the February 24, 2021 statement Defendant sent to Plaintiff is attached hereto as Exhibit "F."

## V. GROUNDS FOR RELIEF - COUNT I

### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

32. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if fully rewritten here.

33. Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

  a. Tex. Fin. Code § 392.301(a)(8), which prohibits Defendant from threatening to take actions prohibited by law, since Defendant's post-discharge communications to Plaintiff were threats to collect on the discharged debt which was forbidden by law, as: 1) the discharge injunction prohibits anyone from taking actions to collect on discharged debts *in personam*; and 2) the common law protects Plaintiff's privacy rights from being invaded by illegal contacts from servicers and debt collectors, such as those at bar;

  b. Tex. Fin. Code § 392.304(a)(8), which prohibits misrepresenting the character, extent, or amount of a consumer debt in debt collection or obtaining information concerning a consumer, since Defendant misrepresented to Plaintiff in its post-discharge statements to him that the discharged debt was past due and owing and he was responsible to pay on the Account or take actions, to coerce his payment, this was a misrepresentations of the character, extent or amount of the subject debt in violation of the TDCA; and

   c. Tex. Fin. Code § 392.304(a)(19), which prohibits Defendant's use of false representations or deceptive means to collect a debt, for the reasons stated in the preceding paragraphs (a) and (b), Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt, knowing that actions to collect discharged debt *in personam* were forbidden by law.

34. Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable to Plaintiff for actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees. Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

35. Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include his reasonable attorney's fees incurred in prosecuting this claim.

### VI. GROUNDS FOR RELIEF - COUNT II

#### INVASION OF PRIVACY

36. Plaintiff repeats, re-alleges, and incorporate by reference all previous paragraphs, above, as if rewritten here in their entirety.

37. At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant during his Bankruptcy Case and post-discharge, as mandated by the automatic stay and discharge injunction. Thus, Defendant sending Plaintiff statements during his Bankruptcy Case and post-discharge were invasions of Plaintiff's privacy rights.

38. Defendant's wrongful acts were invasions of Plaintiff's privacy rights and caused injury to Plaintiff, which caused or exacerbated his emotional anguish, mental distress, loss of time and inconvenience, along with other damages. Plaintiff's injuries resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII. GROUNDS FOR RELIEF- COUNT III

### VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION

39. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs, above, as if set forth herein in their entirety.

40. At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

41. Defendant engaged in actions to attempt to collect from Plaintiff personally on the debt underlying the Account, as evidenced by its sending Plaintiff statements or collection letters during his Bankruptcy Case and after the discharge of the debt.

42. Defendant's actions were willful acts in furtherance of its efforts to collect the debt from Plaintiff, in violation of the automatic stay of 11 U.S.C. § 362 and discharge injunction imposed by 11 U.S.C. § 524(a). Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff into paying the debt, both during the Bankruptcy Case and after the debt had been discharged. Defendant's failure to comply with the aforesaid laws, despite Defendant being on notice of Plaintiff's Bankruptcy Case and the discharge granted therein, as well as the effect of the automatic stay and discharge injunction, illustrates Defendant utter contempt for federal law.

43. The actions of Defendant constitute harassment and were coercive and/or deceptive actions taken to collect a debt from Plaintiff, in gross violation of the automatic stay of 11 U.S.C. § 362 and discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

44. Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court and as mandated by federal law. After such *prima facie* showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which must go beyond a mere assertion of inability. Failing a showing by Defendant of its inability to comply with the orders and injunctions

of the Bankruptcy Court, Plaintiff must prevail on his claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court. Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant. Any allegation of a good faith exception should not be allowed.

45. Specifically, Defendant violated the automatic stay of 11 U.S.C. § 362 and the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived ..."

46. There are no exceptions under 11 U.S.C. §§ 362 and 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the automatic stay and discharge injunction.

47. The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here. No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

48. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court. Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law. It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance. Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is

prohibited. Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

49. Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. §§ 362 and 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

### VIII. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

50. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, as the principal, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, including, but not limited to, the actions taken on behalf of GVS, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

### IX. DAMAGES

51. In addition to any damages previously stated hereinabove, the conduct of Defendant has proximately caused Plaintiff past and future monetary loss, past and future mental distress, emotional anguish and a discernable injury to Plaintiff's emotional state, and other damages, evidence for all of which will be presented to the jury. Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff time and mental energy, which are precious to him.

52. At all relevant times, Defendant knew, and it continues to know, that, pursuant to the automatic stay and discharge order granted by a U.S. Bankruptcy Court, debts are no longer legally collectible, but Defendant made a corporate decision to act knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect on the debt it

knew had been included in a bankruptcy proceeding or discharged as a result of Plaintiff's Bankruptcy Case.  Defendant had no right to engage in any of its actions at issue.

53. Plaintiff believes that, after reasonable discovery in this case, he will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff, with the actual knowledge that such actions were in violation of the law.

54. Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct at issue here; nevertheless, Defendant intentionally and knowingly has refused to correct its policies and comply with applicable laws, of which laws it is well-aware.

55. Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts discharged in bankruptcy.  Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant.  Moreover, Plaintiff's injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

56. Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant's actions at issue were part of Defendant's illegal design, implemented in its policies and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included and discharged in the debtors' respective bankruptcy cases.

57. Due to Defendant's conduct, Plaintiff was forced to hire counsel, and his damages include reasonable attorney's fees incurred in prosecuting his claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Brent B. Rosinski prays the Court:

A. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, Plaintiff's privacy rights, the automatic stay and the discharge injunction.

B. Find that appropriate circumstances exist for an award of punitive damages to Plaintiff.

C. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

D. Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Respectfully submitted,

*/s/ James J. Manchee*
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF

**JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

March 11, 2021          */s/ James J. Manchee*
Date                    James J. Manchee